United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 23-01894-MJC
Amanda L Krebs  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-4      User: AutoDocke      Page 1 of 2
Date Rcvd: Oct 26, 2023      Form ID: pdf002      Total Noticed: 21

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^      Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 28, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Amanda L Krebs, 1149 W Montgomery Street, Coal Township, PA 17866-3411 |
| 5561580 | | Crdtonebnk, Attn: Account Services, Las Vegas, NV 89193 |
| 5561581 | + | First Inv Sc, 340 Interstate N, Atlanta, GA 30339-2218 |
| 5561583 | | Mc Fcu, Riverside, PA 17868 |
| 5561588 | + | Msnlntab, 101 2nd Street., Suite 350, San Francisco, CA 94105-3669 |
| 5561589 | + | Nationstar/Mr Cooper, 2828 N Harwood St, Dallas, TX 75201-1518 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5561578 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 26 2023 18:47:26 | Cap One, Po Box 85015, Richmond, VA 23285 |
| 5561579 | ^ | MEBN | Oct 26 2023 18:39:40 | Coastl/Prosp, 221 Main Street, San Francisco, CA 94105-1906 |
| 5572563 | + | Email/Text: Bankruptcy.Notices@stellantis-fs.com | Oct 26 2023 18:43:00 | First Investors Servicing Corporation, 3065 Akers Mill Rd SE Suite 700, Atlanta, Georgia 30339-3124 |
| 5561582 | | Email/Text: ConsumerAdvocacy@ghllc.com | Oct 26 2023 18:42:00 | Global Holdings, 4343 S. 118th E. Ave., Suite 220, Tulsa, OK 74146 |
| 5568284 | | Email/PDF: MerrickBKNotifications@Resurgent.com | Oct 26 2023 18:47:27 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 5561584 | | Email/Text: cschmidt@mcfcu.org | Oct 26 2023 18:43:00 | Mc Fcu M/C, 327 Mill Street, Danville, PA 17821 |
| 5561585 | + | Email/PDF: MerrickBKNotifications@Resurgent.com | Oct 26 2023 18:47:34 | Merrick Bank Corp, Po Box 9201, Old Bethpage, NY 11804-9001 |
| 5571806 | + | Email/Text: bankruptcydpt@mcmcg.com | Oct 26 2023 18:43:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 5561586 | + | Email/Text: bankruptcydpt@mcmcg.com | Oct 26 2023 18:43:00 | Midland Funding, 350 Camino De La Reina, San Diego, CA 92108-3007 |
| 5574073 | | Email/Text: nsm_bk_notices@mrcooper.com | Oct 26 2023 18:42:00 | Nationstar Mortgage LLC, Attn: Bankruptcy Department, P.O. Box 619096, Dallas, TX 75261-9741 |
| 5567059 | | Email/PDF: cbp@omf.com | Oct 26 2023 18:47:41 | OneMain, PO Box 3251, Evansville, IN 47731-3251 |
| 5561590 | + | Email/PDF: cbp@omf.com | Oct 26 2023 18:47:28 | Onemain, Po Box 1010, Evansville, IN 47706-1010 |
| 5561591 | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Oct 26 2023 18:47:42 | Portfolio Recov Assoc, 120 Corporate Blvd Ste 1, Norfolk, VA 23502-4952 |
| 5561592 | + | Email/Text: Atlanticus@ebn.phinsolutions.com | Oct 26 2023 18:42:00 | Tbom/Fortiva, Po Box 105555, Atlanta, GA |

| | | | | |
|---|---|---|---|---|
| 5561593 | + | Email/Text: bnc-thebureaus@quantum3group.com  Oct 26 2023 18:42:00 | | 30348-5555  The Bureaus Inc, 1717 Central St, Evanston, IL 60201-1507 |

TOTAL: 15

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5561587 | | Mr. Cooper/Nationstar, 2828 N Harwood St |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 28, 2023            Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bkgroup@kmllawgroup.com bkgroup@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Patrick James Best | on behalf of Debtor 1 Amanda L Krebs patrick@armlawyers.com kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>Krebs, Amanda | | CHAPTER: 13 |
| | | CASE NO. 23-01894-MJC |
| | | ☐ ORIGINAL PLAN |
| | **Debtor(s)** 1st | AMENDED PLAN (indicate #) |
| | 0 | Number of Motions to Avoid Liens |
| | 0 | Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>**Plan Payments From Future Income**</u>

   1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ $70,308.00 plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | Month 1 (9/2023) | Month 12 (8/2024) | $900 | | $900 | $10,800 |
   | Month 13 (9/2024) | Month 24 (8/2025) | $975 | | $975 | $11,700 |
   | Month 25 (9/2025) | Month 36 (8/2026) | $1,050 | | $1,050 | $12,600 |
   | Month 37 (9/2026) | Month 48 (8/2027) | $1,334 | | $1,334 | $16,008 |
   | Month 49 (9/2027) | Month 60 (8/2028) | $1,600 | | $1,600 | $19,200 |
   | | | | | Total Payments: | $70,308.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
       ☑ Debtor is at or under median income.

   B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

   1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

*Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**

    A. **Pre-Confirmation Distributions.** *Check One:*

    ☐ None.
    *If this is checked, the rest of § 2.A need not be completed or reproduced.*

    ☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Mr. Cooper/Nationstar | 8806 | $400.00 |
| First Invest. Service | 6785 | $200.00 |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

    B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

    ☑ None.
    *If this is checked, the rest of § 2.B need not be completed or reproduced.*

    C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

    ☑ None.
    *If this is checked, the rest of § 2.C need not be completed or reproduced.*

3

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☐ None.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

4. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

5. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

6. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Nationstar/Mr. Cooper (5-1) | Residential Dwelling | $38,571.68 | 4.5% | $40,307.41 |
| First Invest. Service | 2020 Hyundai Venue | $17,688.00 | 8% | $19,104.04 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

F. **Surrender of Collateral.** *Check One:*

☑ None.
 *If this is checked, the rest of § 2.F need not be completed or reproduced.*

4

G. **<u>Lien Avoidance</u>**. *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

   ☑ None.
   *If this is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **<u>Administrative Claims</u>**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.

B. **<u>Priority Claims (including certain Domestic Support Obligations).</u>**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   |  |  |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>**. *Check one:*

   ☑ None.

4. **UNSECURED CLAIMS.**

    A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one:*

    ☑ None.

    B. <u>**Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

6

**9. NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: October 25, 2023         /s/ Patrick J Best, Esq
                                Attorney for Debtor

                                /s/ Amanda Krebs
                                Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7